IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCT OF INDIANA

| | |
|---|---|
| **PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY**, as subrogee of Benco Dental Supply Co.,<br>380 Sentry Parkway<br>Blue Bell, PA 19422-0754<br><br>v.<br><br>**TFORCE FREIGHT, INC.**<br>1000 Semmes Avenue<br>Richmond, VA 23224-2246 | **CIVIL ACTION NO.:  1:21-cv-355**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Plaintiff, PMA Insurance Company, by and through its attorneys, hereby submits its Complaint and Jury Demand against Defendant.  In support thereof, Plaintiff states as follows:

## PARTIES

1. At all times pertinent hereto, Plaintiff, Pennsylvania Manufacturers Association Insurance Company ("PMA"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and with its principal place of business in Pennsylvania.

2. At all times relevant hereto, PMA provided insurance to Benco Dental Supply Co. (hereinafter "Benco Dental" or "Plaintiff's insured"), in connection with the shipment of an x-ray machine owned by Benco Dental that was damaged in transit.

3. In the wake of the damage to the x-ray machine, and as a result of a claim made to PMA by Benco Dental for such damage (which was duly paid pursuant thereto), PMA became subrogated to the recovery rights and interests of Benco Dental for monies paid pursuant to such claim.

1

4. At all times pertinent hereto, Defendant, TForce Freight Inc. (formerly known as or otherwise successor in interest to UPS Ground Freight, Inc.), is a Virginia corporation with its principal place of business in Virginia.

5. Defendant is in the business of providing transport for cargo and was commissioned to transport the subject x-ray machine.

## JURISDICTION AND VENUE

6. Jurisdiction is based on 28 U.S.C. § 1337 as this action involves interstate commerce under the Carmack Amendment, 49 U.S.C. § 14706, *et. seq.*, and the amount in controversy exceeds $10,000.00.

7. Venue is proper in this district based on 28 U.S.C. §1391(a) in that events giving rise to this claim occurred within this district.

8. Additionally, venue is proper here according to 49 U.S.C. § 14706 (d)(1) and (2), as Defendant operates in this district and the loss occurred in this district.

## STATEMENT OF FACTS

9. Prior to September 22, 2020, Benco Dental sought transportation of the subject x-ray machine from its vendor in Cerritos, California to its facility in Fort Wayne, Indiana.

10. The subject shipment was thereafter transported by Defendant to its final destination in Fort Wayne, Indiana.

11. Upon arrival in Fort Wayne, Indiana, the subject x-ray machine was found to have sustained substantial amounts of damage (i.e. severe exterior denting) that appeared to have been the result of a forklift colliding with the shipment during the transportation and/or handling of the shipment.

12. As a result of the insurance policy in place between Plaintiff and its insured at the time of the noted property damage, Plaintiff was compelled to reimburse its insured for their loss.

13. In turn, Plaintiff is now subrogated to the claims that its insured may have against the Defendant – and asserts such claims herein.

## COUNT I – CARMACK AMENDMENT CLAIM

14. Plaintiff's insured was the owner of cargo shipped in interstate commerce from California to Indiana.

15. The cargo was delivered for transit in a good and undamaged condition.

16. Defendant was a carrier and/or freight forwarder within the meaning of the Carmack Amendment with respect to the transit of the subject x-ray machine.

17. The x-ray machine was damaged prior to its delivery to Plaintiff's insured in Indiana.

18. The x-ray machine sustained damages which amounted to $70,900.00.

19. All conditions precedent necessary to recovery under the Carmack Amendment have been met.

**WHEREFORE**, Plaintiffs pray that judgment be rendered against the Defendant in the amount set forth, plus interest from date of loss, costs, and other and further relief to which Plaintiff may be justly entitled.

## COUNT II – NEGLIGENCE CLAIM

20. In the alternative, should Defendant not be considered a carrier and/or freight forwarder within the meaning of the Carmack Amendment, Defendant owed a common law duty

to undertake its work with regard to the transport of the x-ray machine in a safe and proper manner so as to not cause damages.

22. Defendant, by and through its servants, employees, and agents, breached such duty by failing to safely and properly ship the x-ray machine.

22. The aforementioned breach was the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Defendant.

23. As a direct and proximate result of such negligence, Plaintiff's insured sustained damages totally $70,900.00.

**WHEREFORE**, Plaintiff prays that Defendant be cited to appear and answer, and that Plaintiff has judgment rendered against the Defendant in the amounts set forth, plus interest from date of loss, costs, attorney's fees and other and further relief to which Plaintiff may show themselves to be justly entitled.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted,

GRANT & GRANT

*/s/ T. Blake Orner*
T. Blake Orner, #30068-32
Attorney for Plaintiff,
PMA Insurance Group